UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ALLEN QUINTANILLA**, *et al.*,

    **Plaintiffs,**

    v.

                             **Civil Action 2:13-cv-121**
                             **Judge Peter C. Economus**
                             **Magistrate Judge Elizabeth P. Deavers**

**MANSFIELD CORRECTIONAL
INSTITUTION**, *et al.*,

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiffs initiated this action on February 11, 2013. (ECF No. 1.) The Court granted Plaintiff Allen Quintanilla's Motion for Leave to Proceed *In forma Pauperis*. (ECF No. 2.) This matter is before the Court for consideration of Plaintiff Wayne Castle, Jr.'s Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 3.) This matter is also before the Court for an initial screen pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons that follow, Plaintiff Wayne Castle, Jr.'s Motion for Leave to Proceed *In Forma Pauperis* is **GRANTED**. It is **RECOMMENDED** that the Complaint be **DISMISSED** for failure to state a claim.

**I.**

Plaintiffs, both of whom are inmates of the Mansfield Correctional Institution who proceed without the assistance of counsel, allege that on the evening of December 13, 2012, two other inmates verbally threatened them with harm to their persons and families. (Compl. 5, ECF No. 1-1.) According to Plaintiffs, they reported these threats to Defendant Lieutenant Christopher Lynch the following day. Plaintiffs contend that Defendant Lynch is the supervising

officer responsible for ensuring the safety and security of inmates in the segregation unit. Plaintiffs allege that Defendant Lynch failed to investigate the threats or report them to state law enforcement.  Plaintiff Allen Quintanilla allegedly suffered severe emotional and mental stress as a result of Defendant Lynch's failure to investigate the threats.  He contends that he has engaged in self-mutilation as a result of his distress.  *Id.* at 6.  Plaintiffs seek $30,000 in damages.

## II.

As a preliminary matter, Plaintiff Wayne Castle, Jr.'s Motion to Proceed *In Forma Pauperis* is **GRANTED**.  (ECF No. 3.)  Plaintiff Castle is required to pay the full amount of the Court's $350 filing fee.  28 U.S.C. § 1915(b)(1).

Plaintiff Castle's certified trust fund statement reveals that he currently possesses the sum of eighty cents in his prison account, which is insufficient to pay the full filing fee.  His application indicates that his average monthly deposits for the six-month period prior to filing his application to proceed *in forma pauperis* were $10.96.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff Wayne Castle Jr.'s inmate trust account (Inmate Id # A504596) at Mansfield Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court.  28 U.S.C. § 1915(b)(2).  *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff Castle be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff Wayne Castle, Jr. and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## III.

Having conducted an initial screen pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Undersigned recommends dismissal of Plaintiffs' Complaint for failure to state a claim. Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

---

[1] Formerly 28 U.S.C. § 1915(d).

>   (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>   \*     \*     \*
>
>   (B) the action or appeal--
>
>   (i) is frivolous or malicious;
>
>   (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.  *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550

4

U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

To plead a cause of action under 42 U.S.C. § 1983, a Plaintiff must plead two elements: (1) a person acting under color of state law caused deprivation of a right that is (2) secured by the Constitution or laws of the United States. *Hunt v. Sycamore Cmty. School Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008). To sufficiently plead the first element, a plaintiff must allege "personal involvement" on the part of the defendant. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). This requirement arises because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*." *Id.* (citation omitted). "A supervisor is not liable under § 1983 for failing to train unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (internal quotation omitted). Put another way, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized,

5

approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Id.*

Here, Plaintiffs' purported claims fail for numerous reasons.  With respect to Defendant Mansfield Correctional Institution, Plaintiffs have failed to allege any personal involvement that would subject this Defendant to § 1983 liability.  *Grinter v. Knight*, 532 F.3d at 575.  Plaintiffs cannot hold Defendant Mansfield Correctional Institution liable on a theory of *respondeat superior*.  *Id.*

Moreover, Plaintiffs have failed to allege facts indicating that Defendant Lynch deprived them of a right secured by the Constitution.  *Hunt*, 542 F.3d at 534.  The Eighth Amendment obligates prison officials to "'take reasonable measures to guarantee the safety of the inmates.'" *Varmado-El v. Martin*, 52 Fed. App'x 764, 765 (6th Cir. 2002) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).  Not "'every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  Rather, to establish that prison officials violated the Eighth Amendment in failing to prevent harm, the inmate must show that "prison conditions pose a substantial risk of serious harm and that prison officials are deliberately indifferent to their safety."  *Id.*  The prison official "'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference.'" *Id.* (quoting *Farmer*, 511 U.S. at 834).  Moreover, "'threats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm.'" *Id.* (quoting *Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996)).

Here, Plaintiffs have failed to state an Eighth Amendment claim.  Plaintiffs fail to allege that they suffered any physical harm from the alleged incident, much less that Defendant Lynch

inferred and ignored a substantial risk of harm.[2] Moreover, threats between inmates are common. *Varmado-El*, 52 Fed. App'x 765. Defendant Lynch's mere failure to investigate a common jail-house threat that does not lead to injury does not rise to the level of an Eighth Amendment violation. It is, **RECOMMENDED** that Plaintiffs' Complaint be **DISMISSED** for failure to state a claim.

## IV.

Accordingly, Plaintiff Wayne Castle, Jr.'s Motion for Leave to Proceed *In Forma Pauperis* is **GRANTED**. It is **RECOMMENDED** that the Complaint be **DISMISSED** for failure to state a claim.

## V.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate

---

[2] Plaintiff Quintanilla's alleged self-mutilation is self-inflicted and, at least under these facts, too attenuated from the alleged threats to qualify as the type of harm that the Eighth Amendment protects.

judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date: March 8, 2013                                             /s/ *Elizabeth A. Preston Deavers*
                                                                     Elizabeth A. Preston Deavers
                                                                     United States Magistrate Judge